UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.                                                                                  **OPINION AND ORDER**

JEFFREY PESTONE,                                                  96-CR-01166

                                Defendant.
------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Pending presently before the Court is Jeffrey Pestone's proposed Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order (Doc. 33), wherein he appears to challenge the enforcement of restitution and garnishment orders previously entered against him, as well as an application to proceed *in forma pauperis* (Doc. 34).

      For the reasons set forth below, Mr. Pestone's application to proceed *in forma pauperis* is GRANTED for purposes of this Opinion and Order and his motion for a preliminary injunction and temporary restraining order is DENIED.

## BACKGROUND

      Mr. Pestone, after pleading guilty to one count of bank fraud and one count of credit card fraud, was sentenced by former United States District Court Judge Barbara S. Jones on July 30, 1997 to 33 months' imprisonment to be followed by a term of five years' supervised release. A judgment was entered against him on August 5, 1997 ordering, *inter alia*, restitution in the amount of $527,675.10 (the "Restitution Judgment"). (Doc. 12). On June 1, 1998, Judge Jones entered an order directing Mr. Pestone to pay towards his restitution obligation 10% of his net income while in custody and on supervised release. (Doc. 13).

      Following Mr. Pestone's initial release from prison, on December 6, 2004, the Court found that he had violated the terms of his supervised release and sentenced him to five months'

imprisonment followed by a term of four years' supervised release. (Docs. 19, 23). Mr. Pestone was ultimately released from prison on April 7, 2006. (Doc. 38-1; https://www.bop.gov/inmateloc// (last visited May 2, 2023)).[1]

On March 4, 2019, an Order of Garnishment was entered, ordering Mr. Pestone's employer, ShopRite, to pay over to the United States 25% of Mr. Pestone's disposable earnings. (Doc. 31). It appears that between June 1, 1999 and March 29, 2023, Mr. Pestone has made payments totaling $16,523.53 towards the $527,675.10 Restitution Judgment. (Doc. 38-2 (indicating mostly sporadic payments and significant intervals of non-payment between January 2002 and March 2006, and October 2009 to February 2019)). The Government notes that since August 2019, Mr. Pestone has made only one payment voluntarily, and the remaining payments were recovered through the enforcement mechanisms authorized by the Treasury Offset Program ("TOP"). (Doc. 38 at 3).

On March 10, 2023, this matter was reassigned to this Court pursuant to Rule 17, Local Rules for the Division of Business. (Doc. 32). Mr. Pestone filed a proposed Order to Show Cause for Preliminary Injunction and Temporary Restraining Order, seeking to enjoin the United States from collecting or garnishing any income and returning all amounts collected over the 10% originally ordered by Judge Jones. (Doc. 33).[2] The Government, at the Court's direction, filed a response to Mr. Pestone's proposed Order to Show Cause on April 21, 2023. (Doc. 38).

---

[1] Mr. Pestone thereafter violated the terms of his supervised release again and by amended judgment entered on January 21, 2009, the Court modified the term of supervised release, sentencing him to twelve months' supervised release. (Doc. 27).

[2] The proposed Order to Show Cause and application to proceed *in forma pauperis* are captioned as if to commence a civil proceeding. However, "adjudication of the restitution is an adjunct of sentencing and is therefore part of a criminal proceeding." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 702 (2d Cir. 2000). The Court, then, considers Mr. Pestone's application in that regard.

## ANALYSIS

Mr. Pestone challenges the Restitution Judgment by seeking a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. He provides no authority for his claim that he is entitled to relief from his criminal judgment by way of an application under the Federal Rules of Civil Procedure. "[N]or does 18 U.S.C. § 3664(o) (providing that a restitution order is a final judgment), which lists ways in which an order of restitution may be corrected, amended, or modified (e.g., on appeal, for a demonstrated material change in economic circumstances), provide that a defendant may seek relief on the basis of civil rules." *United States v. Haines*, 485 F. Supp. 2d 100, 103 (D. Conn. 2007). Even if a motion for a preliminary injunction under Rule 65 were a proper procedural mechanism to challenge the enforcement of the Restitution Judgment, Mr. Pestone's arguments fail on their merits.

"The Mandatory Victims Restitution Act ('MVRA'), 18 U.S.C. § 3663A, is one of several federal statutes empowering courts to impose restitution obligations on criminal defendants." *United States v. Thompson*, 792 F.3d 273, 277 (2d Cir. 2015). The MVRA provides that criminal restitution orders may be enforced against "all property or rights to property . . . [n]otwithstanding any other Federal law." 18 U.S.C. §§ 3613(a), 3664(m)(1)(A); *see also United States v. Jaffe*, 417 F.3d 259, 265-66 (2d Cir. 2005). Under 18 U.S.C. § 3613(a), the government has the power to enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a).

Mr. Pestone argues that the Restitution Judgment "expired" in 2019. (Doc. 33 at 3). A defendant's liability to pay restitution terminates on the date that is the later of twenty years from the entry of judgment or twenty years after the defendant's release from imprisonment. 18 U.S.C. § 3613(b), (f). Mr. Pestone was ultimately released on April 7, 2006 after an additional five-

3

month sentence was imposed on his first violation of supervised release. (Docs. 19, 23, 38-1). Applying § 3613(b) here, Mr. Pestone's restitution obligations will not terminate until April 7, 2026. Thus, Mr. Pestone's motion for the return of payments made since 2019 toward the Restitution Judgment is denied.

Mr. Pestone also argues that the United States may not garnish more than 10% of his net earnings per month, but that "[t]hey have taken 25% of [his] salary in the past, and are taking 15% of [his] Social Security benefits, and 100% [of his] tax refunds and stimulus payments." (Doc. 33 at 3).

Under § 3613, "[n]otwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined. . . . " 18 U.S.C. § 3613(a). "Courts have interpreted this language to indicate that a broad scope of property may be used to satisfy restitution judgments." *United States v. Brill*, No. 99-CR-00827, 2007 WL 2274668, at *8 (E.D.N.Y. Aug. 6, 2007) (collecting cases). Social Security benefits are not exempt from offset for the purpose of satisfying a criminal restitution debt. 18 U.S.C. § 3613(a), (f); 31 CFR § 285.4(e); *see also Kagan v. U.S.*, No. 06-CV-06968, 2007 WL 1074899, at *2 (S.D.N.Y. Apr. 5, 2007) (MVRA allows for enforcement of restitution judgment against all property, including disability benefits). As well, "[s]ome courts have even found that the Government is entitled to seize COVID-19 stimulus payments in order to apply against restitution owed." *United States v. Zehrbach*, No. 00-CR-00033-1, 2023 WL 2772628, at *3 (N.D.W. Va. Mar. 3, 2023) (citing *United States v. Toole*, No. 21-10651, 2022 WL 503736, at *1-2 (11th Cir. Feb. 18, 2022)), *adopted by* 2023 WL 2753981 (N.D.W. Va. Mar. 31, 2023).

The amount of income that can be garnished is limited by § 3613(a), which provides that "the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law." 18 U.S.C. § 3613(a)(3). That section of the Consumer Credit Protection Act restricts garnishments to twenty-five percent of the debtor's "disposable earnings." 15 U.S.C. § 1673. Under the TOP, "Congress has subjected to offset all funds payable by the United States, [31 U.S.C.] § 3701(a)(1), to an individual who owes certain delinquent federal debts, see § 3701(b), unless, as relevant here, payment is exempted by statute, see [31 U.S.C.] § 3716(e)(2)." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (internal quotation marks omitted). "The TOP offsets payments from the federal government (such as tax returns, social security income, etc.) and applies them to debts owed to the United States and recorded in the program." *United States v. Hayes*, No. 01-CR-00075, 2023 WL 2162168, at *2 (S.D. Ohio Feb. 22, 2023) (quoting *United States v. Siegfried*, No. 13-CR-00254, 2022 WL 3655343, at *1 (D. Colo. Aug. 25, 2022)). The Supreme Court has held that tax refunds are not earnings subject to the twenty-five percent garnishment cap under the Consumer Credit Protection Act. *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974) (instructing that the cap was intended to apply only to "periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis."). Courts have subsequently interpreted the cap consistent with that guidance. *See, e.g., United States v. Shkreli*, 47 F.4th 65, 77 (2d Cir. 2022).

Accordingly, the Government's past garnishment of twenty-five percent of Mr. Pestone's salary, its collection of fifteen percent of Mr. Pestone's social security benefits, and its collection of the entirety of any lump-sum tax refunds and stimulus payments, are permitted under § 3613(a) and the Consumer Credit Protection Act, and supported by binding case law. Under

these circumstances, the Government's enforcement of the Restitution Judgment is proper and Mr. Pestone's motion enjoining its continued enforcement is denied.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* (Doc. 34) is granted for the limited purpose of this Opinion and Order. For the reasons set forth above, Mr. Pestone's motion to enjoin enforcement of the Restitution Judgment and for the return of payments made since 2019 toward the Restitution Judgment (Doc. 33) is DENIED.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to: (1) terminate the pending motion (Doc. 34); and (2) mail a copy of this Order to Jeffrey Pestone, 980 Broadway, Suite 608, Thornwood, N.Y. 10594.

**SO ORDERED.**

Dated: White Plains, New York
      May 3, 2023

_____
Philip M. Halpern
United States District Judge